UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| United States of America | § § | |
| vs. | § § | NO: DR:22-CR-02060(1)-AM |
| (1) Kayla Jeanila Williams | § | |

## ORDER CONCERNING COURTROOM DECORUM AND TRIAL PROCEDURES

In order to promote efficiency and professionalism, it is hereby **ORDERED** that:

1. Counsel shall scrupulously comply with all applicable Local and Federal Rules of Procedure. Local Rule AT-5, which sets forth guidelines for courtroom decorum, is attached hereto as Exhibit 1.

2. Counsel shall stand when court is opened, recessed, or adjourned.

3. Counsel shall stand when addressing, or being addressed by, the Court.

4. Counsel shall stand at the lectern while examining any witness or while making opening or closing arguments, absent leave of Court.

5. Counsel shall address all remarks to the Court, not opposing counsel.

6. Counsel shall avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from harboring ill feelings toward the litigants or witnesses.

7. Counsel shall refer to all persons, including witnesses, parties and opposing counsel, by their surnames only.

8. Only one attorney for each party may examine or cross-examine each witness. The attorney stating objections during direct examination shall be the only attorney recognized for cross-examination.

9. Counsel must receive permission before approaching the witness or the bench. Any document counsel desires to have the Court examine must be first handed to the clerk.

10. Any paper or exhibit not previously marked for identification must first be handed to the clerk to be marked before being tendered to a witness for his or her examination. Any exhibit offered in evidence must, at the time of such offer, be handed to opposing counsel.

11. Counsel shall state only the legal grounds for any objection and must withhold further comment or elaboration unless directed to do so by the Court. All argument or discussion of objections shall occur at the bench.

12. In examining a witness, counsel shall not repeat or echo the answer given by a witness.

13. Offers of, or requests for, stipulations must be made at the bench.

14. In opening statement and all arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue. Furthermore, counsel shall not read or purport to read from deposition or trial transcripts.

15. Counsel must refrain from making any gestures, facial expressions, audible comments, or the like which could be construed as manifestations of approval or disapproval during the testimony of witnesses or arguments by opposing counsel.

16. When applicable, the aforementioned rules apply to all persons seated at counsel table.

17. At the conclusion of each day's testimony, counsel for the Government shall deliver to defense counsel the reports of witnesses expected to be called by the Government the next day.

18. Any witness called by a party is deemed to be under the control of that party and the witness may be excused if the said calling party so desires and announces. Should other counsel desire the witness to be available for later use, said counsel must so state and shall be responsible for the subsequent attendance of said witness.

19. Counsel who calls a witness may confer with said witness during recesses of Court during direct (or redirect) examination only. This provision does not apply to a defendant who testifies in his or her own behalf, nor shall it apply to the Government's designated case agent.

20. *Counsel and parties shall adhere strictly to the Court trial schedules and shall be present promptly at the time set for the beginning of trial each day, as well as the resumption of the trial following recesses.*

21. During recesses and trial, counsel and parties not speak to nor associate with jurors. The U.S. Marshal's Office shall provide for the security of the jurors and shall allow no contact between jurors and defendants.

22. All counsel shall assist the Court in protecting the sanctity and security of the jury and shall not disclose in the presence of the jury any information or material extraneous to the evidence admitted into the record. Disclosure before the jury of significant information extraneous to the evidence admitted will be considered to be misconduct which obstructs the Court in the performance of its judicial duty subject to contempt under Federal Rule of Criminal Procedure 42. Counsel shall cooperate in seeking to secure jurors from contact with the lawyers in the case, defendants, case agents, and other participants in the trial.

23. Should "the Rule" relating to the presence of witnesses in the Courtroom be

invoked, all parties shall assist the Court, the Deputy U.S. Marshal(s), and the Courtroom Deputy in keeping any witnesses who are expected to testify outside the Courtroom during trial. Failure of counsel to notify the Court of the unauthorized presence in the Courtroom of such a witness after "the Rule" is invoked will result in prompt and appropriate remedial action by the Court toward the offending counsel or party.

24. No witnesses who are employed by a law enforcement agency shall be permitted to testify while in uniform, absent prior Court approval.

25. Attorneys shall absolutely refrain from stating their personal beliefs regarding the truthfulness or falsity of any testimony. Counsel shall also absolutely refrain from vouching for the credibility of any witness.

26. Counsel shall not publish any exhibit to the jury prior to that exhibit being admitted into evidence by the Court.

27. All persons, including but not limited to counsel and the parties, are expected to strictly and absolutely comply with all orders of the Court Security Officers.

28. Failure to comply with any of the aforementioned rules may result in the imposition of sanctions, monetary or otherwise.

SIGNED THIS 26th day of March, 2003.

_____
HONORABLE ALIA MOSES
U.S. DISTRICT JUDGE

# RULE AT-5. COURTROOM DECORUM

(a) The Canons of Professional Ethics were adopted by the American Bar Association as a general guide, because, as stated in the preamble, "No code or set of rules can be framed, which will particularize all the duties of the lawyer in the varying phases of litigation or in all the relations of professional life." The preamble further admonishes that the "enumeration of particular duties should not be construed as a denial of the existence of others equally imperative, though not specifically mentioned." In that spirit, all lawyers should become familiar with their duties and obligations as defined and classified generally in the Canons, the common law decisions, the statutes, and the usages, customs and practices of the bar.

(b) The purpose of this rule is to emphasize, not to supplant, certain portions of those ethical principles applicable to the lawyer's conduct in the courtroom. In addition to all other requirements, therefore, lawyers appearing in this court shall:

(1) Be punctual in attendance at court.

(2) Refrain from addressing one another in court by their first names.

(3) Refrain from all side-bar remarks.

(4) Refrain from leaving the courtroom while court is in session, unless it is absolutely necessary, and then only if the court's permission has been first obtained.

(5) See that only one of them is on his feet at a time, unless an objection is being made.

(6) Refrain from approaching jurors who have completed a case.

(7) Avoid, as much as possible, approaching the bench. In this connection, counsel should try to anticipate questions which will arise during the trial, and take them up with the Court and opposing counsel in chambers. If, however, it becomes necessary for an attorney to confer with the Court at the bench, the Court's permission should be obtained, and opposing counsel should be openly invited to accompany him.

(8) Refrain from employing dilatory tactics.

(9) Deliver jury arguments from the lectern placed in a proper position facing the jury. If it is necessary to argue from an exhibit, the Court will, upon request, grant permission to do so.

(10) Hand all papers intended for the Court to see to the clerk, who, in turn, will pass them up to the judge.

(11)   Hand to the clerk, rather than the court reporter, any exhibits to be marked which have not previously been identified.

(12)   Advise clients, witnesses, and others concerning rules of decorum to be observed in court.

(13)   Give to the Bailiff or Marshal, as soon as convenient before the trial, a list of witnesses showing the probable order in which they will be called.

(14)   Stand and use the lectern when interrogating witnesses, unless otherwise instructed by the Court; however, when interrogating a witness concerning an exhibit the Court may, upon request, grant permission to approach the witness stand or the exhibit, as the case may be, for that purpose.

(15)   Never conduct or engage in experiments involving any use of their own persons or bodies except to illustrate in argument what has been previously admitted in evidence.

(16)   Not conduct a trial when they know, prior thereto, that they will be necessary witnesses, other than as to merely formal matters such as identification or custody of a document or the like. If during the trial, they discover that the ends of justice require their testimony, they should, from that point on, if feasible and not prejudicial to their client's case, leave further conduct of the trial to other counsel. If circumstances do not permit withdrawal from the conduct of trial, lawyers should not argue the credibility of their own testimony.

(17)   Avoid disparaging personal remarks of acrimony toward opposing counsel and remain wholly uninfluenced by any ill feeling between the respective clients. They should abstain from any allusion to personal peculiarities and idiosyncrasies of opposing counsel.

(18)   Rise when addressing, or being addressed by, the judge.

(19)   Refrain from assuming an undignified posture. They should always be attired in a proper and dignified manner, and should abstain from any apparel or ornament calculated to attract attention to themselves.

(20)   Comply, along with all other persons in the courtroom with the following:

   a.   No tobacco in any form will be permitted at any time.

   b.   No propping of feet on tables or chairs will be permitted at any time.

c. No bottles, beverage containers, paper cups or other edibles shall be brought into the courtroom, except with permission of the Court.

d. No gum chewing or the reading of newspapers or magazines (except as a part of the evidence in a case) will be permitted while court is in session.

e. No talking or other unnecessary noises will be permitted while court is in session.

f. Everyone must rise when instructed to do so, upon opening, closing or declaring recesses of court.

g. Spectators must wear appropriate attire during court sessions. Lawyers, litigants, witnesses, jurors and court personnel shall wear formal business attire; that is, men shall wear both coat and tie and women shall wear suits or dresses. The Court, however, may excuse any person from this rule.

h. The photographing, broadcasting or televising of any judicial proceedings or of anyone directly or indirectly involved therein, whether court is in session or not, in or from a courtroom or any other part of a United States Courthouse, shall not be permitted. Tape recorders or other mechanical means of recording the proceedings of the Court shall not be introduced into a courtroom. The rule does not apply to such tape recorders or other mechanical devices utilized by, and under the direction and control of, a judicial officer or the official court reporter.

i. The photographing, broadcasting or televising of proceedings of any nature before United States Magistrate Judges, whether they take place on federal property, in the private office of the magistrate judge, or otherwise, shall not be permitted.

j. No person shall possess a burning tobacco product or smoke tobacco in any federal courthouse in the district.

(c) It is the duty of the lawyer not to release or authorize the release of information or opinion for dissemination by any means of public communication, in connection with pending or imminent criminal litigation with which he is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in the investigation shall refrain from making any extra judicial statement, for dissemination by any means of public communication, that goes beyond the public record or that is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warm the public of any dangers, or otherwise to aid in the investigation.

From time of arrest, issuance of an arrest warrant or the filing of a complaint, information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release of any extra judicial statement, for dissemination by any means of public communication, relating to that matter and concerning:

(1) The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in his apprehension or to warn the public of dangers he may present;

(2) The existence of contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

(3) The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;

(4) The identity, testimony, or credibility of prospective witnesses, except that the lawyer may announce the identity of the victim if the announcement is not otherwise prohibited by law;

(5) The possibility of a plea of guilty to the offense charged or a lesser offense;

(6) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

The foregoing shall not be construed to preclude the lawyer during this period, in the proper discharge of his official or professional obligations, from announcing the fact and circumstances of arrest (including time and place of arrest, resistance, pursuit, and use of weapons), the identity of the investigating and arresting officer or agency, and the length of the investigation; from making an announcement, at the time of seizure of any physical evidence other than a confession, admission or statement, which is limited to a description of the evidence seized; from disclosing the nature, substance, or text of the charge, including a brief description

of the offense charged; from quoting or referring without comment to public records of the court in the case; from announcing the scheduling or result of any stage in the judicial process; from requesting assistance in obtaining evidence; or from announcing without further comment that the accused denies the charges made against him.

During the trial of any criminal matter, including the period of selection of the jury, no lawyer associated with the prosecution or defense shall give or authorize any extra judicial statement or interview, relating to the trial or the parties or issues in the trial, for dissemination by any means of public communication, except that the lawyer may quote from or refer without comment to public records of the court in the case.

After the completion of a trial or disposition without trial of any criminal matter, and prior to the imposition of sentence a lawyer associated with the prosecution or defense shall refrain from making or authorizing any extrajudicial statement for dissemination by any means of public communication if there is a reasonable likelihood that such dissemination will affect the imposition of sentence.

Nothing in this rule is intended to preclude the formulation or application of more restricted rules relating to the release of information about juvenile or other offenders, to preclude the holding of hearings or the lawful issuance of reports by legislative, administrative, or investigative bodies, or to preclude any lawyer from replying to charges of misconduct that are publicly made against him.

(d) In a widely publicized or sensational case, the Court on motion of either party or its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses, and any other matters which the Court may deem appropriate for inclusion in such an order. Such a special order might be addressed to some or all of the following subjects, among others:

> (1) A proscription of extrajudicial statements by participants in the trial, including lawyers, parties, witnesses, jurors, and court officials, which might divulge prejudicial matter not of public record in the case.
>
> (2) Specific directives regarding the clearing of entrances to and hallways in the courthouse and respecting the management of the jury and witnesses during the course of the trial to avoid their mingling with or being in the proximity of reporters, photographers, parties, lawyers, and others, both in entering and leaving the courtroom, and courthouse, and during recesses in the trial.

(3) A specific direction that the jurors refrain from reading, listening to, or watching news reports concerning the case, and that they similarly refrain from discussing the case with anyone during the trial and from communicating with others in any manner during their deliberations.

(4) Sequestration of the jury on motion of either party or the Court, without disclosure of the identity of the movant.

(5) Direction that the names and addresses of jurors or prospective jurors not be publicly released except as required by statute, and that no photograph be taken or sketch made of any juror within the environs of the court.

(6) Insulation of witnesses from news interviews during the trial period.

(7) Specific provisions regarding the seating of spectators and representatives of news media, including:

    a. An order that no member of the public or news media representative be at any time permitted within the bar railing;

    b. The allocation of seats to news media representative in cases where there are an excess of requests, taking into account any pooling arrangement that may have been agreed to among the newsmen.

(e) All court personnel, including among others, marshals, deputy marshals, court clerks, bailiffs, law clerks and court reporters shall be prohibited from disclosing to any person, without authorization from the Court, information relating to a pending criminal case that is not part of the public records of the court. In addition, information concerning arguments and hearings held in chambers or otherwise outside the presence of the public shall not be divulged, and such personnel shall not discuss any case on trial with the attorneys or anyone else, and they shall refrain from criticizing any jury verdict or court decision.